IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| Gloria Marrero, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action File No.: |
| | ) | |
| v. | ) | |
| | ) | |
| Lockhart, Morris & Montgomery, Inc., | ) ) | **COMPLAINT WITH** <br> **JURY TRIAL DEMAND** |
| | ) | |
| Defendant. | ) | |

## PRELIMINARY STATEMENT

This action for damages is based upon the Defendant's overt and intentional, unlawful conduct in the furtherance of its efforts to collect a consumer debt. The Defendant's conduct is in violation of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. 1692 *et seq.* and for violations of the Georgia Fair Business Practices Act (GFBPA), O.C.G.A. 10-1-390 *et seq.*

## PARTIES

1. Plaintiff, Gloria Marrero, is a natural person who resides in Wayne County, Georgia.

2. Defendant, Lockhart, Morris & Montgomery, Inc., is a corporation formed under the laws of the State of Texas and registered to do business in Georgia.

1

Defendant may be served with process via its registered agent can be served through its registered agent for service, Registered Agent Solutions, Inc., 900 Old Roswell Lake Parkway, Suite 310, Roswell, GA 30076.

## JURISDICTION AND VENUE

3. This Court has federal question jurisdiction over Plaintiff's Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, claims pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d). This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4. This Court has personal jurisdiction over Defendant because, *inter alia*, Defendants frequently and routinely conducts business in the State of Georgia, including the conduct complained of herein.

5. Pursuant to 28 U.S.C. § 1391, venue is proper in the Northern District of Georgia because a substantial part of the events or omissions giving rise to the claims occurred in this district.

6. Pursuant to LR 3.1B(3), venue is proper in the Gainesville Division because the events occurred in Hall County which is in the Gainesville Division.

## FACTUAL ALLEGATIONS

7. Plaintiff is allegedly obligated to pay a consumer debt arising out of two medical visits in 2013 and is therefore, a "consumer", as that term is defined by 15 U.S.C. § 1692a(3).

8. Defendant is a collection agency specializing in the collection of consumer debt.

9. Defendant uses interstate commerce and/or mail in its business in the collection of consumer debts.

10. Defendant manages, and collects upon, thousands of consumer debt accounts annually.

11. Defendant is, therefore, a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

12. The Plaintiff has fallen behind on a significant number of consumer debts, mostly medical expenses, over the last few years.

13. The Plaintiff is desirous of getting control over her debt and working out a plan to resolve what she owes to various creditors. A critical part of this is obtaining clear information regarding each account and how each is being collected so that she can prioritize payment decisions.

14. As part that effort, the Plaintiff obtained a copy of her credit.

15. In reviewing her credit report, the Plaintiff noted that the Defendant was reporting an account in collection in the amount of $543.

16. The Plaintiff had questions about this negative tradeline and initiated a call to the Defendant in September of 2020.

17. During the course of the call, Defendant confirmed it was collecting two accounts for Wayne Memorial Hospital, one for $517 for services on October 7, 2013 and a second for $543 for services on December 19, 2013

18. During the course of the call, Defendant offered a settlement amount on the total accounts.

19. Defendant never informed Plaintiff during the phone call that the accounts from 2013 were past the statute of limitations and no legal action could be taken against Plaintiff.

20. Defendant never informed the Plaintiff that making a payment on the debts for which the statute of limitations had run could renew the statute of limitations for those debts.

21. The accounts reported by the Defendant and in collection are consumer accounts thus an open account subject to a statute of limitations of four years per O.C.G.A. § 9-3-25.

22. Defendant repeatedly solicited monthly payments from Plaintiff on a debt that was past the applicable statute of limitations without informing Plaintiff that making payments on the debt would restart the statute of limitations.

23. Making a payment on the debt would renew the statute of limitations in Georgia. *SKC, Inc. v. eMag Sols., LLC*, 326 Ga. App. 798, 755 S.E.2d 298 (2014); *Malak v. Unifund CCR, LLC*, 343 Ga. App. 314, 318, 807 S.E.2d 80, 83 (2017).

24. Plaintiff was misled by Defendant's deceptive statements about making payments.

25. Defendant's conduct contained communications which were false, misleading, and deceptive in connection with the collection of a debt.

26. Plaintiff took time to seek legal counsel about the statements made by Defendant in connection with the collection of a debt.

27. Defendant's misleading statements interfered with Plaintiff's abilities to make informed decisions about getting her financial affairs in order.

28. Also during the call, Defendant made misrepresentations to Plaintiff as to how long the accounts would stay on her credit report.

29. Defendant told Plaintiff that the accounts would not come off of Plaintiff's credit report until they were paid in full.

30. Credit reporting by the Defendant is governed by the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* (the FCRA).

31. The FCRA mandates that consumer credit information may be reported for only seven (7) years from the date of first delinquency. 15 U.S.C. § 1681c(a)(4).

32. Defendant's multiple statements that the accounts would stay on Plaintiff's credit report and that Plaintiff would have to pay the full balance of the accounts for the accounts to be deleted from Plaintiff's credit report were false, deceptive, and misleading communications which implied that the accounts would stay longer than the seven years allowed by the FCRA.

33. In actuality, the two accounts would be required to come off of Plaintiff's credit reports in 2020, yet Defendant's statements made Plaintiff believe these accounts would stay on her credit report until she was able to pay them off.

34. Defendant's statement was a threat to report credit information longer than the seven years allowed by the FCRA.

35. Plaintiff suffered anxiety and worry that the debt would stay on her credit report until she paid it off. This information was very stressful for Plaintiff since she was disabled and living on a very strict budget. Plaintiff was seeking to create a financial plan to get her bills paid and her credit score raised. Defendant's

misrepresentations caused stress and anxiety to Plaintiff and interfered with her ability to make informed decisions to handle her finances.

## INJURIES-IN-FACT

36. The FDCPA provides consumers with "statutorily-created rights to be free from 'being subjected to false, deceptive, unfair, or unconscionable means to collect a debt.'" *McCamis v. Servis One, Inc.*, No. 8:16-CV-1130-T-30AEP, 2016 U.S. Dist. LEXIS 99492 (M.D. Fla. July 29, 2016); *Church v. Accretive Health, Inc.*, 654 Fed. Appx. 990, 2016 U.S. App. LEXIS 12414, 2016 WL 3611543 (11th Cir. 2016).

37. An injury-in-fact sufficient to satisfy Article III standing requirements "may exist solely by virtue of statutes creating legal rights, the invasion of which creates standing." *Church*, at 993, quoting *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 373, 102 S. Ct. 1114, 71 L. Ed. 2d 214 (1982).

38. Violation of statutory rights are not a "hypothetical or uncertain" injury, but one "that Congress has elevated to the status of a legally cognizable injury through the FDCPA." *McCamis*, at 4, citing *Church*, at 3.

39. Defendant is subjecting Plaintiff to false, deceptive, unfair, and unconscionable means to collect the debt.

40. Defendants acts and omissions caused particularized harm to the Plaintiff in that she was suffered worry and anxiety and took time and expense to discuss her debt with counsel in response to the false statements.

41. Accordingly, through the suffering of actual damages and a violation of Plaintiffs' statutorily created rights under the FDCPA, Plaintiffs have suffered an injury-in-fact sufficient to establish Article III standing

## DAMAGES

42. As a result of the Defendant's actions and/or omissions, Plaintiff has suffered actual damages, including but not limited to the following:

a.) Being subjected to false, deceptive, unfair, and unconscionable debt collection practices;

b.) Uncompensated time and expense away from work and/or activities of daily living, to confer with counsel regarding the Defendant's collection efforts; and,

c.) Anxiety and worry due to concerns about how long this debt would stay on her credit report.

## CAUSES OF ACTION

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

**15 U.S.C. § 1692 *et seq.***

43.   Plaintiff incorporates by reference paragraphs 1 through 42 as though fully stated herein.

***Violations of 15 U.SC. § 1692e and its subparts***

44.   15 U.S.C. §•1692e specifically prohibits the use of any false, deceptive, or misleading representations or means in connection with the collection of any debt.

45.   The use of "or" in § 1692e means a representation violates the FDCPA if it is false or deceptive or misleading. *Bourff v. Rubin Lublin*, LLC, 674 F.3d 1238, 1241 (11th Cir. 2012).

46.   The standard in determining the nature of any such representation is that of the "least sophisticated consumer." Its purpose is to protect "naive consumers" with a minimal understanding of personal finance and debt collection. *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1194 (11th Cir. 2010).

47.   Moreover, the least sophisticated consumer is not to be held to the same standard as a reasonably prudent consumer. The least sophisticated consumer, though not unreasonable, is "ignorant" and "unthinking," "gullible," and of "below-average sophistication or intelligence," *Pinson v. JPMorgan Chase Bank, Nat'l Ass'n*, No. 16-17107, 2019 U.S. App. LEXIS 33662, at 12-13 (11th Cir. Nov. 12, 2019), quoting *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993)

48. A false representation in connection with the collection of a debt is sufficient to violate the FDCPA, even if it is not alleged or proven to be misleading or deceptive.

49. Defendant's statement that the accounts would stay on Plaintiff's credit report until paid in full was a false, deceptive, and misleading communication made attempting to collect a debt.

50. Defendant's statements were misleading about how long the account could stay on Plaintiff's credit report, and was also a threat to leave the account on Plaintiff's credit report for longer than such period as allowed by law.

51. Defendant's attempts to solicit payments on a debt outside the statute of limitations without informing Plaintiff that her payment would renew the statute of limitations was deceptive and misleading.

52. Defendant's communications were in violation of 15 U.S.C. §§ 1692e, e(2)(A), e(5), e(8), and e(10) among others.

53. As a result of Defendant's violations of the FDCPA, Defendant is liable to Plaintiffs for actual damages as described herein, statutory damages in the amount of $1,000.00, costs of this action and reasonable attorney's fees as determined by the Court as mandated by 15 U.S.C. § 1692k.

## COUNT II

## VIOLATIONS OF THE GEORGIA FAIR BUSINESS PRACTICES ACT

## O.C.G.A. § 10-1-390, *et seq.*

54. Plaintiff incorporates by reference paragraphs 1 through 53 as though fully stated herein.

55. O.C.G.A. § 10-1-390 *et seq.* is commonly known as the "Fair Business Practices Act of 1975" (the "GFBPA").

56. The purpose of the GFBPA, is to protect consumers from unfair and/or deceptive practices in the conduct of any trade or commerce in part or wholly in the state. O.C.G.A. § 10-1-391.

57. O.C.G.A. § 10-1-391 directs that the GFPBA is to be interpreted and applied liberally and in harmony with the Federal Trade Commission Act, 15 U.S.C. § 45(a)(1), which implements the FDCPA.

58. O.C.G.A. § 10-1-393(a) of the GFBPA broadly prohibits unfair and/or deceptive business practices.

59. Defendant intentionally engaged in unfair and deceptive business practices, as set forth herein, in an effort to collect a consumer debt.

60. Defendant's conduct has implications for the consuming public in general.

61. Defendant's conduct negatively impacts the consumer marketplace.

62. Collecting a debt incurred during a consumer transaction could harm the general consuming public if conducted via deceptive acts or practices and clearly falls within the parameters of the GFBPA. Thus, a violation of the FDCPA constitutes a violation of the GFBPA. *See 1st Nationwide Collection Agency, Inc. v. Werner*, 288 Ga. App. 457, 459 (2007).

63. Upon information and belief, Defendant does not maintain a place of business in Georgia and has no assets in Georgia, thus relieving Plaintiffs of the Notice and Demand requirements of O.C.G.A. § 10-1-399(b).

64. As a result of Defendant's violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover general damages pursuant to O.C.G.A. § 10-1-399(a).

65. As a result of Defendant's intentional violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover exemplary damages pursuant to O.C.G.A. § 10-1-399(a).

66. As a result of Defendant's intentional violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover treble damages pursuant to O.C.G.A. § 10-1-399(c).

67. Plaintiff is entitled to recover reasonable attorney's fees and expenses of litigation pursuant to O.C.G.A. § 10-1-399(d).

## TRIAL BY JURY

68. Plaintiff is entitled to and hereby requests a trial by jury.

WHEREFORE, Plaintiff prays that judgment be entered against Defendant for:

a.) Plaintiff's actual damages;

b.) Statutory damages pursuant to 15 U.S.C. § 1692k;

c.) Reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k

d.) General, exemplary, and treble damages pursuant to O.C.G.A. § 10-1-399(a) & (c);

e.) Reasonable attorney's fees and costs pursuant to O.C.G.A. § 10-1-399(d); and

f.) Such other and further relief as may be just and proper.

Respectfully submitted this 23rd day of September, 2020.

            **BERRY & ASSOCIATES**
            */s/ Matthew T. Berry*
            Matthew T. Berry
            Georgia Bar No.: 055663
            matt@mattberry.com
            2751 Buford Highway, Suite 600
            Atlanta, GA 30324
            Ph. (404) 235-3300
            Fax (404) 235-3333

            */s/ Chris Armor*

Christopher N. Armor
Georgia Bar No. 614061
P.O. Box 451328
Atlanta, GA 31145
Phone 470-990-2568
Fax 404-592-6102
*chris.armor@armorlaw.com*
Plaintiff's Attorneys